UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TANIA PONCE, | No. ED CV 09-01585-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") should have

    found at Step Two that Plaintiff's lower back condition was a severe impairment; and

2.  Whether the ALJ properly evaluated Plaintiff's daily activities.

  This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

## THE ALJ ERRED AT STEP TWO IN FINDING THAT PLAINTIFF DID NOT SUFFER FROM A SEVERE IMPAIRMENT

  In her first issue, Plaintiff asserts that the ALJ committed error in finding that she did not suffer from any severe impairment or combination of impairments.  She also asserts that the ALJ failed to correctly assess her Activities of Daily Living ("ADL").  Both issues will be discussed in this section of the Court's Memorandum Opinion.

  The ALJ determined that there are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.  Under applicable regulations, a medically determinable impairment is one that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  The impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [claimant's] statement of symptoms." 20 C.F.R. §§404.1508, 416.908, 404.1520a(b)(1), 416.920a(b)(1).

  The determination of the existence or non-existence of a severe impairment occurs at what is commonly denominated step two of the

2

five-step evaluation. If it is determined at step two that the claimant does not have a severe medically determinable impairment or combination of impairments, that ends the matter, because it results in a determination of non-disability. Only if it is determined at step two that a severe impairment or combination of impairments exists does the analysis proceed to the third step. This sequential evaluation process is well established. See 20 C.F.R. §§404.1520; 404.1521; 416.920(c); 416.921.

The Ninth Circuit has clearly articulated that an impairment or combination of impairments may be found to be not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Moreover, the Commissioner has stated in Social Security Ruling ("SSR") 85-28 (1985) that "[I]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the non-severe evaluation step." Thus, it is well understood that step two is a "de minimis screening device [used] to dispose of groundless claims," Smolen, 80 F.3d at 1290. An ALJ may only find that a claimant lacks a medically severe impairment or combination of impairments when the conclusion to that effect is "clearly established by medical evidence." SSR 85-28. Further, while a claimant's statements about pain or other symptoms do not alone establish disability, such evidence, in combination with medical signs and laboratory findings demonstrating a medical impairment, is clearly relevant. See 20 C.F.R. §416.929(a)(2010). Where a claimant provides testimony in the form of subjective reporting of pain or other

symptoms, and there is no evidence of malingering, such relevant evidence may only be rejected under a "clear and convincing" standard. See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005), citing Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ determined that "there is no objective evidence of any impairment." (AR 12.) Although he noted that Plaintiff reported being diagnosed with scoliosis and spina bifida occulta (AR 12, citing June 9, 2007 Complete Orthopedic Evaluation, AR 145-49, at 145), the ALJ determined that, "the record is devoid of any objective evidence of those impairments." This assessment was apparently made without reference to the extensive and long-term treating records of Plaintiff's physician, Dr. Villanueva, which are contained in the record (AR 136-41; 158-82), and Dr. Villanueva's assessment of Plaintiff's functional limitations contained in a "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)," at AR 203-208. These records, which are aptly summarized by Plaintiff's counsel in her portion of the JS, most certainly document that Plaintiff's treating physician found the following: the existence of scoliosis and spina bifida occulta; and, pain caused by these conditions. He administered pain medications, apparently to ameliorate symptoms caused by these conditions.

Dr. Villanueva's treatment records commence in January 2001 (AR 174-75), and continue with regularity through October 2008. (AR 186.) Many of those records concern treatment for thoracic spine pain, reports of back pain and neuritis, hip and leg pain, and similar matters. Because the ALJ failed to engage in any discussion or analysis of Dr. Villanueva's long-term treatment records, the Court cannot sustain the ALJ's finding of a lack of severe impairment.

1    Combined with the objective evidence, there is Plaintiff's
2 testimony at the hearing before the ALJ which occurred on February 3,
3 2009. (AR 14-34.)  Plaintiff repeatedly described episodes of back
4 pain, back spasms, stiffened and cramped extremities, shoulder pain,
5 and related symptoms.  As noted, absent evidence of malingering, the
6 ALJ, based on clear and convincing evidence, would have to find that
7 Plaintiff's subjective testimony was not credible in order to simply
8 ignore that testimony in the sequential evaluation.  What the ALJ did
9 do was to characterize Plaintiff's assertions as a claim "that she
10 cannot do anything, including work, because of severe pain ..." (AR
11 12.)  The ALJ assessed that Plaintiff is capable of various activities
12 of daily living. (Id.)  Plaintiff never denied that she could drive a
13 car, or help her children with their homework, or do some cleaning, or
14 cooking. (AR 28-29.)  This clearly does not amount to an assertion by
15 Plaintiff that she cannot do anything; however, the ALJ's assessment
16 implies a significant depreciation of Plaintiff's credibility based on
17 an incorrect assessment of the evidence in the record.

18    For the foregoing reasons, this case will be remanded for further
19 hearing.  If the ALJ believes, even at Step Two of the sequential
20 evaluation process, that the evidence is ambiguous or inconclusive,
21 then he will further develop and supplement the medical record before
22 preempting Plaintiff's claim.  See Webb, 433 F.3d at 687.

23    **IT IS SO ORDERED.**

25 DATED: May 24, 2010                   /s/
                                   VICTOR B. KENTON
26                                 UNITED STATES MAGISTRATE JUDGE

5